## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DEVON R.,

                Plaintiff,

      v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.

Case No. 21 C 1562

Magistrate Judge Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

Plaintiff Devon R.[1] seeks judicial review of the final decision of the Acting Commissioner of Social Security denying his Supplemental Security Income Benefits ("SSI"), and finding that, as of May 1, 2017, he is no longer disabled. Devon asks the Court to reverse and remand the administrative law judge's ("ALJ") decision, and the Commissioner moves for its affirmance. For the reasons set forth below, the ALJ's decision is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## BACKGROUND

Devon was born on June 8, 1998. (R. 78). He is a young man who was diagnosed with Crohn's Disease at 11 years old. *Id.* at 682. His condition was resistant to multiple therapies, and he struggled with malnutrition. *Id.* at 432, 497, 519, 539. Devon was granted SSI as a child, on December 15, 2015. *Id.* at 90-97. When a person is granted benefits as a child, the Social Security Administration redetermines eligibility at age 18. *See* 20 C.F.R. § 416.987. At the redetermination stage, the rules for adults who file new applications, as explained in 20 C.F.R. § 416.920, are

---

[1] Pursuant to Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff by his first name and the first initial of his last name or alternatively, by first name.

applied.[2] *Id.*  At Devon's redetermination, the Commissioner found initially, and upon review by a disability hearing officer, that Devon ceased to be disabled as of May 1, 2017. *Id.* at 87, 89, 128.

Further, on December 18, 2019, the ALJ issued a decision denying Devon's application for continuing eligibility for social security income. (R. 18-27).  The opinion followed the required evaluation process. 20 C.F.R. § 416.920(a).  At step one, the ALJ determined that Devon became eligible for SSI as a child, and that he attained the age of 18 on June 7, 2016. (R. 20).  Further, the ALJ noted that Devon was notified of his redetermination of disability, finding him no longer disabled as of May 2017. *Id.*  At step two, the ALJ found that Devon had the severe impairments of Crohn's disease and gastritis. *Id.*  At step three, the ALJ determined that Devon did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). *Id.* at 21.  The ALJ then concluded that Devon retained the residual functional capacity ("RFC") to perform the full range of sedentary work. *Id.* at 22.  As a result of the RFC finding, the ALJ determined at step four that Devon did not have any past relevant work. *Id.* at 26.  However, at step 5 the ALJ found that considering Devon's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Devon can perform. *Id.*  Because of this determination, the ALJ found that Devon's disability ended on May 1, 2017 and that he was no longer disabled. *Id.*  The Appeals Council denied Devon's request for review on October 7, 2020, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 6; *Prater v. Saul*, 947 F.3d 479, 481 (7th Cir. 2020).

---

[2] In redeterminations, the Administration will not use the rule in § 416.920(b) for people who are doing substantial gainful activity. *See* 20 C.F.R. § 416.987(b).

**DISCUSSION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals any of the listings found in the regulations, *see* 20 C.F.R. § 404, Subpt. P, App. 1 (2004); (4) whether the claimant is unable to perform her former occupation; and (5) whether the claimant is unable to perform any other available work in light of her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4); *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992); *Zalewski v. Heckler*, 760 F.2d 160, 162 (7th Cir. 1985). These steps are to be performed sequentially. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4). "An affirmative answer leads either to the next step, or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Zalewski*, 760 F.2d at 162.

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon a legal error. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Furthermore, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the" ALJ's. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Nonetheless, where the

Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele*, 290 F.3d at 940.

The ALJ found that Devon's subjective symptoms were inconsistent with the record for two reasons.[3]  First, because Devon did not see a new gastroenterologist as recommended, and second, because nothing in the record showed that Devon treated with *any* provider after the middle of 2017. (R. 23).  Devon argues that the ALJ erred because the record shows that he did see a gastroenterologist as recommended and did have treatment after mid-2017. Doc. [19] at 11-13. The Court agrees.[4]  Accordingly, for the reasons discussed below, the ALJ's decision must be reversed.

When assessing a claimant's subjective symptom allegations, an ALJ must consider several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5, 7-8 (Oct. 25, 2017).  "An ALJ need not discuss every detail in the record as it relates to every factor," but an ALJ may not ignore an entire line of evidence contrary to his ruling. *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022).  "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Id.* at 1279; *Murphy v. Colvin*,

---

[3] The Commissioner argues that the ALJ provided two additional reasons for discounting Devon's subjective symptoms. Doc. [23] at 5.  The first, Dr. Savage's opinion that Devon's condition improved with treatment, and second, that no medical opinions supported Devon's claims, and none recognized the need to be off-task or face a significant need for bathroom breaks throughout the workday. *Id.*  It is unclear to the Court how the Commissioner determined these two additional reasons were in the ALJ's opinion.  The ALJ is required to give specific reasons for his credibility findings, and in this ALJ opinion, the ALJ leaves no room for doubt about what specific reasons he considered.  These two, additional reasons advanced by the Commissioner are absent from his opinion. This is also not a case where the ALJ's reasons are found in different parts of the opinion.  And importantly, medical opinions are not one of the factor's that an ALJ must consider in assessing a claimant's subjective symptom allegations. *See* 20 C.F.R. § 404.1529(c).

[4] Because the Court remands on this basis, the Court does not address Devon's other arguments.

4

759 F.3d 811, 816 (7th Cir. 2014) (patently wrong "means that the decision lacks any explanation or support."). In the present case, the ALJ stated:

> "As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because there is no record in the file to show that the claimant has proceeded to see a new Gastroenterologist as recommended. There is also nothing in the record to show that the claimant has treated with any provider since the middle of 2017."

(R. 23). Following those statements, the ALJ noted that at a March 2017 medical visit, Devon sought a referral to a gastroenterologist. *Id.* at 24, 999, 1001, 1003. The ALJ also noted that at an April 2017 medical visit, Devon reported that he was still looking for a gastroenterologist. *Id.* at 24, 1000. The record also states that Devon told his primary care that he would see a gastroenterologist as soon as he was able to get an appointment with one. *Id.* at 998.

Contrary to the ALJ's assertion, that Devon did not see a gastroenterologist as recommended, Devon was treating with Dr. Syed Zaidi, a doctor that specializes in gastroenterology, by May 2017.[5] *Id.* at 944-57, 992. Furthermore, the record also notes that Devon treated with Dr. Ali Keshavarzian, a doctor that also specializes in gastroenterology, in August 2017, March 2018, June 2018, and July 2018.[6] *Id.* at 983, 986, 987, 991. Additionally, the record shows that Devon had a scheduled appointment with Dr. Keshavarzian for September 2018. *Id.* at 984. Thus, the ALJ's statement that Devon did not follow up with a gastroenterologist is incorrect.

In *Wilder v. Kijakazi*, the Seventh Circuit found that the ALJ was plainly incorrect "when he wrote that Wilder 'never attended therapy as ha[d] been recommended.'" 22 F.4th 644, 654 (7th Cir. 2022). Nevertheless, the Seventh Circuit determined that the ALJ's error was harmless because "[l]ater in that paragraph . . . the ALJ wrote that [the claimant] admitted . . . to

---

[5] *See* Rush Doctors, *Syed Zaidi, MD Gastroenterology Services*, https://doctors.rush.edu/details/18495.

[6] *See* Rush University Faculty, *Ali Keshavarzian, MD,* https://www.rushu.rush.edu/faculty/ali-keshavarzian-md.

improvement in her back with therapy and the bone stimulator, [and] [e]lsewhere in the opinion, the ALJ observed that 'therapy helped some but she still had back pain.'" *Id.* Further, the court stated that the claimant did not explain "how the ALJ would have reached a different conclusion as to her residual functional capacity, even if he had not erroneously remarked that she failed to attend therapy." Thus, the court ultimately found that any error was harmless because it could predict with great confidence what the result of remand would be. *Id.* Unlike in *Wilder*, the ALJ's incorrect statements here were not followed by any other statement referencing Devon's treatment with gastroenterologists after his referral. Rather, the ALJ's follow-up statements confirmed, according to the ALJ, that Devon was still looking for a gastroenterologist. (R. 24). Consequently, the ALJ's statements suggest that the ALJ adhered to an incorrect fact when he determined Devon's credibility. Thus, because the Court is unable to determine with confidence that the ALJ would have found the same result if he had acknowledged that Devon did see a gastroenterologist as recommended, the error is not harmless. The Commissioner argues that the error is harmless because the gastroenterologists' records are vague and do not discuss the degree and frequency of Devon's symptoms. Doc. [23] at 6. However, the ALJ did not rely on the substance of the gastroenterologists' notes in his reasoning. He relied on his misinformed belief that Devon did not have an ongoing course of treatment with a gastroenterologist, as was recommended. That the records were not detailed enough is a separate issue not considered by the ALJ.

Moreover, the Court also has concerns regarding the ALJ's statement that Devon did not treat with any provider since the middle of 2017. An ALJ may consider infrequent treatment in support of an adverse credibility finding where the claimant does not have a good reason for the infrequency of treatment. *See Primm v. Saul*, 789 F. App'x 539, 545–46 (7th Cir. 2019); *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008); *see also Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir.

2012) ("The claimant's 'good reasons' may include an inability to afford treatment, ineffectiveness of further treatment, or intolerable side effects."). However, the ALJ "must not draw any inferences about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care." SSR 96-7P (S.S.A. July 2, 1996); *Craft*, 539 F.3d at 678–79.

Here, in addition to Devon's visits with Drs. Syed Zaidi and Ali Keshavarzian in 2017 and 2018, Devon also treated with Dr. Murphy in September 2017, and with Dr. Sean Kennedy in March 2018 and April 2018. *Id.* at 988, 989, 990. Thus, the ALJ's statement that nothing in the record showed that the Devon treated with *any* provider since the middle of 2017 is also incorrect. Furthermore, the ALJ did not consider any reason for the alleged infrequency of treatment as required by the regulations. The Commissioner argues that even though the ALJ's statement about Devon's treatment after mid-2017 was inaccurate, the ALJ did not err because the treatment notes were not detailed enough to reinforce the severity and degree of Devon's symptoms. Doc. [23] at 6. As stated earlier, the ALJ did not rely on the substance in the treatment notes in his reasoning, he relied on his misinformed belief that Devon did not treat with *any* provider after the middle of 2017. The Commissioner's arguments miss the point. [7]

Finally, though "credibility determinations can rarely be disturbed by a reviewing court . . . if the trier of fact grounds his credibility finding in an observation or argument that is

---

[7] The Commissioner appears to suggest that if there is an an overall lack of support for Devon's subjective symptoms in the objective medical evidence, that is enough to discredit Devon. That is not correct. *See Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015) (an ALJ cannot disregard a claimant's testimony "simply because it is not corroborated by objective medical evidence."); *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014) ("[A] lack of medical evidence supporting the severity of a claimant's symptoms is insufficient, standing alone, to discredit her testimony."); SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual".).

unreasonable or unsupported . . . the finding [can] be reversed." *Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006). The ALJ's affirmations regarding Devon's treatment with a gastroenterologist and his treatment after mid-2017 were unsupported. As such, the ALJ's subjective symptom determination was patently wrong.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's Motion for Summary Judgment [22, 23] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant Commissioner of Social Security.

**SO ORDERED.**

Dated: August 29, 2022

Sunil R. Harjani
United States Magistrate Judge